IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ELISA GARLAND,<br>Plaintiff,<br>vs.<br><br>JEWISH FAMILY SERVICES,<br>a domestic corporation,<br><br>And<br><br>JEWISH FAMILY SERVICES OF<br>ST. LOUIS,<br>Defendants. | Cause No. 21SL-CC05629<br>Division No.<br><br>***JURY TRIAL DEMANDED*** |

## PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and in support of her Petition states:

### FACTS APPLICABLE TO ALL COUNTS

1. Plaintiff is a female of legal age and a resident of the State of Missouri.

2. Defendant Jewish Family Services is a domestic corporation, registered in Missouri, and doing business in Missouri and in St. Louis County.

3. Defendant Jewish Family Services of St. Louis is a domestic corporation, registered in Missouri, and doing business in Missouri and in St. Louis County.

4. Defendants employed Plaintiff for about two years and eight months through her termination on or around November 30, 2020.

5. Venue is appropriate because the events described in this Petition occurred in St. Louis County.

6. Plaintiff earned wages and received other benefits of employment.

7. Plaintiff filed three Charges of Discrimination, attached and incorporated into this Petition as if fully set forth herein, and collectively marked as Exhibit **"A."**

8. Plaintiff received her Right to Sue Letters from the EEOC, which are attached and incorporated into this petition as if fully set forth herein, and marked as Exhibits **"B and B-1"**

9. Plaintiff has received her right to sue letters from the Missouri Commission on Human Rights, attached and marked as Exhibit **"C, C-1 and C-2"**.

10. Fewer than two years have passed since Plaintiff's termination.

11. On November 13, 2020, Plaintiff spoke with her direct supervisor, Charise Baker, about obtaining her professional license and about Plaintiff having more opportunities with the company as a result.

12. Plaintiff's performance was good and she had not received any write ups or discipline.

13. Plaintiff specifically spoke with Ms. Baker about how she would be able to provide group therapy.

14. On that date, Plaintiff informed Ms. Baker that Plaintiff was pregnant; upon information and belief, Ms. Baker thereafter informed CEO Miriam Seidenfeld.

15. On November 23, 2020, Plaintiff had a meeting with her supervisor and the remainder of the counseling team.

16. The meeting was routine and proceeded normally.

17. On November 30, 2020, November 23, 2020, Ms. Seidenfeld sent Plaintiff a link for a meeting at 8:00 a.m.

18. Plaintiff informed Ms. Seidenfeld (through Ms. Baker) that she had a doctor's appointment related to her pregnancy (prenatal care) and could not attend.

19. Around 8:20 a.m., Plaintiff received a phone call from Ms. Seidenfeld where Ms. Seidenfeld informed Plaintiff that she had not approved Plaintiff's time off from work.

20. Ms. Seidenfeld demanded that Plaintiff find time to meet with her that day.

21. After Plaintiff's doctor appointment, Plaintiff emailed Ms. Seidenfeld her doctor's note from the appointment that morning.

22. The doctor's note advised that Plaintiff needed to take the entire week off from work.

23. Plaintiff informed Ms. Seidenfeld that she could, however, have a meeting around 7 p.m.

24. When Plaintiff met with Ms. Seidenfeld, Human Resources was present and Plaintiff was shocked.

25. Defendants terminated Plaintiff's employment.

26. This was especially surprising because Plaintiff had just become professionally licensed and had had advanced discussions with the company about taking on a larger role.

27. Plaintiff asked if she could be considered for another open position.

28. There were nine open positions at the time, many of which Plaintiff was qualified to perform.

29. Ms. Seidenfled told Plaintiff no.

30.     Plaintiff's gender (pregnancy) was the motivating factor in Defendant's decision to terminate Plaintiff.

31.     Following Plaintiff's termination, and after Plaintiff filed her charge of discrimination, Defendant refused to provide Plaintiff her COBRA information and refused to provide Plaintiff her Form W-2.

32.     This was done in retaliation for filing the charge of discrimination.

### §213.010-137 RSMo (2017) PROVISIONS ARE UNCONSTITUTIONAL

33.     While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, Plaintiff states as follows: At all times mentioned herein, Defendant was an employer as defined in §213.010 RSMo.

34.     While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, §213.010-137 RSMo (2017) and numerous particular provisions therein violate the Missouri Constitution and are therefore invalid and without legal effect.

35.     While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, §213.010-137 RSMo (2017) which purports to outline the rights and remedies available to employees claiming damages due to an unlawful employment practice and employees claiming to be a "protected person" under the act, violates:

a. plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

b. plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution;

c. plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

d. plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, in that:

   i. Suits at common law seeking monetary damages from the person causing harm existed prior to 1820;

   ii. §213.010-137 RSMo (2017) limits the categories and amount of damages available to plaintiff;

   iii. §213.010-137 RSMo (2017) eliminates a category of damages available at common law prior to 1820;

e. the separation of powers, established by Article II, Section I of the Missouri Constitution; and

f. the prohibition against special laws or exclusive right, privilege or immunity, established by Article III, Section 40(28) of the Missouri Constitution.

**COUNT I: GENDER DISCRIMINATION (PREGNANCY) IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST JEWISH FAMILY SERVICES**

36. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count I as if set forth fully herein.

37. Defendant terminated Plaintiff because of her pregnancy.

38. Defendant's behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under the Missouri Human Rights Act.

39. Defendant is vicariously liable for the actions of its supervisors through respondiat superior.

40. Defendant knew or should have known of the illegal consideration of Plaintiff's pregnancy when Plaintiff was terminated.

41. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the Missouri Human Rights Act.

42. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendants' illegal behavior described herein.

WHEREFORE, Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

### COUNT II: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST JEWISH FAMILY SERVICES

43. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count II as if set forth fully herein.

44. Defendant retaliated against Plaintiff as described above.

45. Defendant's behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under the Missouri Human Rights Act.

46. Defendant is vicariously liable for the actions of its supervisors through respondiat superior.

47. Defendant knew or should have known of the illegal retaliatory motive when denying Plaintiff her COBRA information and Form W-2.

48. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the Missouri Human Rights Act.

49. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendants' illegal behavior described herein.

WHEREFORE, Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

**COUNT III: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY JEWISH FAMILY SERVICES**

50. Plaintiff re-alleges and incorporates all above paragraphs into Count III as if set forth fully herein.

51. Plaintiff's charge of discrimination was a motivating factor in Defendant's refusal to provide Plaintiff her COBRA information and Form W-2.

52. Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

53. Defendant is vicariously liable for the actions of its managers through respondiat superior.

54. Defendant knew or should have known of the illegal retaliation, but failed to prevent or remedy the retaliation.

55. As a direct and proximate result of the foregoing actions, Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

**COUNT IV: GENDER DISCRIMINATION (PREGNANCY) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY JEWISH FAMILY SERVICES**

56. Plaintiff re-alleges and incorporates all above paragraphs into Count IV as if set forth fully herein.

57. Plaintiff's gender (pregnancy) was a motivating factor in Plaintiff's termination.

58. Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

59. Defendant is vicariously liable for the actions of its managers through respondiat superior.

60. Defendant knew or should have known of the illegal discrimination, but failed to prevent or remedy the discrimination.

61. As a direct and proximate result of the foregoing actions, Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Elisa Garland prays for a trial by jury and for judgment

against Defendant Jewish Family Services, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

### COUNT V: GENDER DISCRIMINATION (PREGNANCY) IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST JEWISH FAMILY SERVICES OF ST. LOUIS

62. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count V as if set forth fully herein.

63. Defendant terminated Plaintiff because of her pregnancy.

64. Defendant's behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under the Missouri Human Rights Act.

65. Defendant is vicariously liable for the actions of its supervisors through respondiat superior.

66. Defendant knew or should have known of the illegal consideration of Plaintiff's pregnancy when Plaintiff was terminated.

67. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the Missouri Human Rights Act.

68. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendants' illegal behavior described herein.

WHEREFORE, Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services of St. Louis for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of

interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

### COUNT VI: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST JEWISH FAMILY SERVICES OF ST. LOUIS

69. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count VI as if set forth fully herein.

70. Defendant retaliated against Plaintiff as described above.

71. Defendant's behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under the Missouri Human Rights Act.

72. Defendant is vicariously liable for the actions of its supervisors through respondiat superior.

73. Defendant knew or should have known of the illegal retaliatory motive when denying Plaintiff her COBRA information and Form W-2.

74. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the Missouri Human Rights Act.

75. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendants' illegal behavior described herein.

WHEREFORE, Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services of St. Louis for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

### COUNT VII: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL

RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY JEWISH FAMILY SERVICES OF ST. LOUIS

76. Plaintiff re-alleges and incorporates all above paragraphs into Count VII as if set forth fully herein.

77. Plaintiff's charge of discrimination was a motivating factor in Defendant's refusal to provide Plaintiff her COBRA information and Form W-2.

78. Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

79. Defendant is vicariously liable for the actions of its managers through respondiat superior.

80. Defendant knew or should have known of the illegal retaliation, but failed to prevent or remedy the retaliation.

81. As a direct and proximate result of the foregoing actions, Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services of St. Louis, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

**COUNT VIII: GENDER DISCRIMINATION (PREGNANCY) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY JEWISH FAMILY SERVICES OF ST. LOUIS**

82. Plaintiff re-alleges and incorporates all above paragraphs into Count VIII as if set forth fully herein.

83. Plaintiff's gender (pregnancy) was a motivating factor in Plaintiff's termination.

84. Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

85. Defendant is vicariously liable for the actions of its managers through respondiat superior.

86. Defendant knew or should have known of the illegal discrimination, but failed to prevent or remedy the discrimination.

87. As a direct and proximate result of the foregoing actions, Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Elisa Garland prays for a trial by jury and for judgment against Defendant Jewish Family Services of St. Louis, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.

/s/ Bret Kleefuss
Bret C. Kleefuss, #59175
bretcharles@yahoo.com
Law Offices of Derald L. Gab
Attorneys for Plaintiff
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:    (314) 678-3998

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this instrument was efiled on February 4, 2022 and will be delivered to the Sheriff of the appropriate Counties for service upon defendant at it each respective service address listed in the header of this Petition.

/s/Bret Kleefuss
Bret Kleefuss